UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case: 4:19 - CV - 4086 |
| PLAINTIFF, | |
| V. | |
| KIMBER MODEL 1911 STAINLESS II "DUCKS UNLIMITED", .45 CALIBER SEMI-AUTOMATIC PISTOL, SERIAL NUMBER: DU150488; MOSSBERG (CBC) MODEL 802 PLINKSTER, .22 CALIBER BOLT-ACTION RIFLE, SERIAL NUMBER: HGE007484; AMERICAN TACTICAL INCORPORATED (ATI) MODEL CALVARY "DUCKS UNLIMITED", 12 GAUGE OVER-UNDER DOUBLE-BARREL SHOTGUN, SERIAL NUMBER: 17021139; BROWNING MODEL SILVER HUNTER, 20 GAUGE, SEMI-AUTOMATIC SHOTGUN, SERIAL NUMBER: 114MN09270; SMITH & WESSON MODEL 66-2, .357 CALIBER REVOLVER, SERIAL NUMBER: AER8810; | COMPLAINT |

SAVAGE ARMS MODEL 93R17, .17
CALIBER, BOLT-ACTION RIFLE,
SERIAL NUMBER: 2519932;
WEATHERBY MODEL SA-08, 20
GAUGE SEMI-AUTOMATIC
SHOTGUN, SERIAL NUMBER:
AE33366;
REMINGTON MODEL 700, .243
CALIBER, BOLT-ACTION RIFLE,
SERIAL NUMBER: G6473390;
REMINGTON MODEL 700, 7MM
CALIBER, BOLT-ACTION RIFLE,
SERIAL NUMBER: A6734732 and
13 ROUNDS ASSORTED
AMMUNITION,

     DEFENDANTS.

Plaintiff, United States of America, by its attorney, Stephanie Bengford,

Assistant United States Attorney for the United States Attorney's Office for the

District of South Dakota, brings this complaint and alleges as follows:

## **NATURE OF ACTION**

1.    This is an action to forfeit property to the United States pursuant

to 18 U.S.C. § 924(d)(1) and Rule G for violations of 18 U.S.C. §§ 922(g)(8) and

(a)(6).

## THE DEFENDANT IN REM

2.      The defendant property consists of the following property that was seized from the hunting lodge, the common laundry, the pickup truck, or the camper located at 24244 417th Avenue, Artesian, South Dakota, when the property was produced by Kimbre Huenergardt on or about December 7, 2018:

a.  Kimber model Stainless II, .45 caliber semi-automatic pistol, bearing serial number DU150488 located on a shelf on the west wall near the door in the hunting lodge (lodge).

b.  A KimPro Tac Mag containing 7 live rounds of .45 caliber Armco ammunition located on a different west wall shelf from the Kimber firearm in the lodge.

c.  Mossberg International 802 Plinkster, .22 caliber rifle, bearing serial number HGE007484 located in the corner of the lodge near the door containing an empty magazine and Barska optics.

d.  American Tactical Arms model Cavalry Ducks Unlimited, 12 gauge over/under shotgun, bearing serial number 17021139 located in the corner of the lodge near the door in a green soft case.

e.  Browning model Silver Hunter, .20 gauge shotgun, bearing serial number 114MN09270 located in the corner of the lodge near the door in a black soft case.

f.  Smith & Wesson model 66-2, .357 caliber revolver, bearing serial number AER8810, located on the nightstand in the camper loaded with 5 rounds of .357 caliber Armco ammunition.

g.  Savage Arms, Inc. Model 93R17, .17 caliber rifle, bearing serial number 2519932 located on the passenger side of the pickup truck containing a magazine loaded with one live round of Hornady .17 caliber ammunition and Simmons optics.

h.  Weatherby model SA-08, .20 caliber shotgun, bearing serial number AE33366 located in the common laundry room of the bunkhouse at the lodge in a tan/silver hard case.

i.  Remington model 700, .243 caliber rifle, bearing serial number: G6473390 located in the common laundry room of the bunkhouse at the lodge in a black plastic hard case.

j.  Remington model 700, 7 mm caliber rifle, bearing serial number: A6734732 located in the common laundry room of the bunkhouse at the lodge in the same black plastic hard case as item 2.i.

3.      The property listed in ¶ 2 above is presently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives, in Sioux Falls, South Dakota.

## JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This court also has jurisdiction over this particular action under 18 U.S.C. § 924(d)(1). Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property pursuant to 18 U.S.C. § 924(d)(1).

5.     This court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(a), 18 U.S.C. § 924(d), and 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district, or pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the defendant property is found in this district.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district or pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the defendant property is found in this district.

## LEGAL BASIS FOR FORFEITURE

7.     The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) because any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922, including but not limited to subsections (a)(6) and (g), shall be subject to seizure and forfeiture.

8.     18 U.S.C. § 924(d)(1) authorizes the seizure and forfeiture for any firearm or ammunition involved in or used in a knowing violation of 18 U.S.C. § 922(g)(8) which makes it unlawful for any person "who is subject to a court order that was issued after a hearing of which the person received actual notice, and at which such person had an opportunity to participate; restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and includes a finding

that such person represents a credible threat to the physical safety of such intimate partner or child; or by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonable be expected to cause bodily injury" to possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which had been shipped or transported in interstate and foreign commerce, all in violation of 18 U.S.C. § 922(g)(8).

9.    18 U.S.C. § 924(d)(1) also authorizes the seizure and forfeiture for any firearm or ammunition involved in or used in a knowing violation of 18 U.S.C. § 922(a)(6) which makes it unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement intended likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of Chapter 44, Title 18.

**FACTUAL BASIS FOR FORFEITURE**

10.    As described more fully in the Affidavit of Special Agent Franklin H. Gonzalez, II of the Bureau of Alcohol, Tobacco, Firearms and Explosives, attached hereto and hereby fully incorporated herein, there is evidence of violations of 18 U.S.C. §§ 922(g)(8) and 922(a)(6).

11.    By reason of the facts set forth and incorporated herein, the
defendant property is properly condemned as forfeited to the United States of
America pursuant to 18 U.S.C. § 924(d).

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant and
summons for the arrest and seizure of the defendant property; that notice of
this action be given to all persons known or thought to have an interest in or
right against the defendant property; that the defendant property be forfeited
and condemned to the United States of America; that the plaintiff be awarded
its costs and disbursements in this action; and that the Court award the
plaintiff such other and further relief as this Court deems proper and just.

Dated: May 6, 2019.

RONALD A. PARSONS, JR.
United States Attorney

/s/ Stephanie C. Bengford
STEPHANIE C. BENGFORD
Assistant United States Attorney
PO Box 2638
Sioux Falls, SD 57101-2638
605.357.2341
Stephanie.Bengford@usdoj.gov

## **VERIFICATION**

I, Special Agent Franklin Gonzalez, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, that I have read the foregoing Verified Complaint <u>In Rem</u> and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with other officers, as a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 6th day of May , 2019 .

Special Agent Franklin H. Gonzalez, II
Bureau of Alcohol, Tobacco,
Firearms and Explosives

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>KIMBER MODEL 1911 STAINLESS II "DUCKS UNLIMITED", .45 CALIBER SEMI-AUTOMATIC PISTOL, SERIAL NUMBER: DU150488;<br>MOSSBERG (CBC) MODEL 802 PLINKSTER, .22 CALIBER BOLT-ACTION RIFLE, SERIAL NUMBER: HGE007484;<br>AMERICAN TACTICAL INCORPORATED (ATI) MODEL CALVARY "DUCKS UNLIMITED", 12 GAUGE OVER-UNDER DOUBLE-BARREL SHOTGUN, SERIAL NUMBER: 17021139;<br>BROWNING MODEL SILVER HUNTER, 20 GAUGE, SEMI-AUTOMATIC SHOTGUN, SERIAL NUMBER: 114MN09270;<br>SMITH & WESSON MODEL 66-2, .357 CALIBER REVOLVER, SERIAL NUMBER: AER8810; | Case: 4:19-cu-4086<br><br>AFFIDAVIT OF ATF SPECIAL AGENT FRANKLIN GONZALEZ "REDACTED" |

SAVAGE ARMS MODEL 93R17, .17
CALIBER, BOLT-ACTION RIFLE,
SERIAL NUMBER: 2519932;
WEATHERBY MODEL SA-08, 20
GAUGE SEMI-AUTOMATIC
SHOTGUN, SERIAL NUMBER:
AE33366;
REMINGTON MODEL 700, .243
CALIBER, BOLT-ACTION RIFLE,
SERIAL NUMBER: G6473390,
REMINGTON MODEL 700, 7MM
CALIBER, BOLT-ACTION RIFLE,
SERIAL NUMBER: A6734732; and
13 ROUNDS ASSORTED
AMMUNITION,

     DEFENDANTS.

I, Franklin Gonzalez, declare as follows:

## AFFIDAVIT

1.    I, Franklin Gonzalez, have been employed as a Special Agent
with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since
September 2004. I am currently assigned to the ATF Field Office in Sioux
Falls, South Dakota. I received training through the Criminal Investigator
Training Program and Special Agent Basic Training at the Federal Law
Enforcement Training Center. I am responsible for investigating violations
of the United States Criminal Code. I was previously employed as a U.S.
Probation & Parole Officer, Northern District of New York from April 1996
until September 2004. In my current capacity as a Special Agent for the
U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and

Explosives, I have received specialized training and experience in relation to the enforcement of the Federal firearm laws, to include individuals who purchase and/or possess firearms illegally, which have previously been shipped or transported in interstate or foreign commerce, and any other violations encountered in the course of my duties. I have also successfully completed numerous training sessions on various aspects of criminal investigations, to include controlled substance (or drug) crimes and drug abuse recognition, gang activity, felony assaults, crime scene investigation, firearms crimes, and digital evidence collection and handling. I obtained a Bachelor's of Arts degree in Political Science from State University of New York at Buffalo.

2.       I base this affidavit on my personal participation in this investigation, as well as discussions with other law enforcement officers directly involved in this investigation, along with reviewing official reports submitted in relation to this investigation. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all facts of which I am aware regarding this investigation.

3.       I investigated individuals identified as Randy Allen Huenergardt, DOB ▮▮▮▮▮▮; and Kimbra Fay Huenergardt (AKA Kimbre), DOB: ▮▮▮▮▮▮ who both reside at ▮▮▮▮▮▮▮▮▮, Florence, Montana, for violations of federal firearms laws.

4.       On December 6, 2018, South Dakota Game, Fish & Parks (SDGFP) executed a state of South Dakota search warrant on Randy Huenergardt's hunting lodge at ▮▮▮▮▮▮▮▮, Artesian, South Dakota regarding a hunting violation for Guiding on Public Land. While executing the search warrant, Conservation Officers (CO) viewed several firearms including rifles, shotguns and handguns inside a camper, in the lodge and in a common laundry area. In discussing the firearms with Kimbra Huenergardt, she stated the firearms were her husband Randy's, but they were registered/purchased by her because Randy could hunt but could not purchase firearms due to an issue with his ex-wife.

3

5.     During the execution of the state search warrant, Randy Huenergardt commented on having won some of the firearms and commented on one of the firearms being for sale, asking if the Conservation Officers wanted to purchase the firearm. SDGFP Investigator Robert Losco was aware of a Protection Order in Montana based on a National Crime Information Center (NCIC) query conducted on Randy Huenergardt. The firearms were not seized at that time.

6.     On December 7, 2018, SDGFP Investigator Losco contacted myself regarding possible Federal violations (18 USC 922(g)(8) by Randy Huenergardt and (18 USC 922(a)(6) &(d)) by Kimbra Huenergardt observed on December 6, 2018.

7.     On December 7, 2018, I obtained a copy of the following documents from the Ravalli County Justice Clerk of Courts Office: Ravalli County Sheriff's Return of Service dated January 16, 2010, pertaining to the Temporary Protection Order served on Randy Huenergardt;  Order extending the Janet T. Huenergardt v. Randy A. Huenergardt Temporary Protection Order dated February 1, 2010; Civil Hearing Minutes Janet Tula Huenergardt v. Randy Allen Huenergardt identified by Case Number: CV-10-11 dated August 5, 2010; and Permanent Protection Order issued on August 5, 2010, identified by Case Number: CV-2010-0011-OP.

8.     On December 7, 2018, I, while accompanied by other law enforcement, conducted a knock and talk with Kimbra Huenergardt at ██████ ████████████, Artesian, South Dakota. Kimbra Huenergardt admitted to having purchased firearms for her husband Randy Huenergardt and being aware of the Protection Order issued against Randy in Montana. Kimbra Huenergardt did not specify how many firearms she had purchased for him that day. Given the trace results and additional investigation, she purchased three of the firearms seized.

9.     A consent search was conducted with firearms and ammunition being located in the lodge, a pickup truck, a camper and a common laundry area at the hunting lodge. Kimbra Huenergardt assisted

4

in retrieving ten (10) firearms and indicated they belonged to her and Randy Huenergardt. None of the firearms were secured and/or locked. The following firearms and ammunition were located and seized as evidence: Kimber model 1911 Stainless II "Ducks Unlimited", .45 caliber semi-automatic pistol, bearing serial number: DU150488; Mossberg (CBC) model 802 Plinkster, .22 caliber bolt-action rifle, bearing serial number: HGE007484; American Tactical Incorporated (ATI) model Calvary "Ducks Unlimited", 12 gauge over-under double-barrel shotgun, bearing serial number: 17021139; Browning model Silver Hunter, 20 gauge, semi-automatic shotgun, bearing serial number: 114MN09270; Smith & Wesson model 66-2, .357 caliber revolver, bearing serial number: AER8810; Savage Arms model 93R17, .17 caliber, bolt-action rifle, bearing serial number: 2519932; Weatherby model SA-08, 20 gauge semi-automatic shotgun, bearing serial number: AE33366; Remington model 700, .243 caliber, bolt-action rifle, bearing serial number: G6473390; Remington model 700, 7mm caliber, bolt-action rifle, bearing serial number: A6734732; Seven (7) live rounds of Armco, .45 caliber ammunition; Five (5) live rounds of Armco, .357 caliber ammunition; and one (1) live round of Hornady, .17 caliber ammunition.

10.   Randy Huenergardt returned to the residence during the consent search and admitted to having a permanent Protection Order from his ex-wife, Janet Huenergardt, in Montana. Randy also commented on the firearms belonging to him and some to his current spouse Kimbra.

11.   On December 20, 2018, I obtained the following two firearm trace summaries: ATF Firearms Trace Summary identified by Trace Number: T20180429831 with a completion date of December 14, 2018, regarding the Mossberg (CBC) 802 Plinkster, .22 caliber rifle, bearing serial number: HGE007484 purchased on September 18, 2007, by Janet Huenergardt, ████████████ Florence, MT 59833 at Trader Brothers, 16490 Old Hwy 93S, Lolo, MT 59847; and ATF Firearms Trace Summary identified by Trace Number: T20180429602 with a completion

5

date of December 17, 2018, regarding the Browning Silver Hunter, 20 gauge, shotgun, bearing serial number: 114MN09270 purchased on December 21, 2010, by Michael Patrick Brower, ██████████, Victor, MT 59875 at Bob Ward & Sons Inc., 1120 N 1st, Hamilton, MT 59840.

12. On December 20, 2018, I conducted two telephonic interviews with Michael Patrick Brower at ██████████, the "first purchaser" indicated on the ATF Firearms Trace Summary identified by Trace Number: T20180429602 noted-above. Mr. Brower recalled selling the firearm two to four years ago to a friend, Randy Huenergardt, for Randy's spouse Kim (AKA Kimbra).

13. On December 27, 2018, I obtained the following two firearm trace summaries: ATF Firearms Trace Summary identified by Trace Number: T20180429877 with a completion date of December 21, 2018, regarding the Kimber model Stainless II, .45 caliber, semi-automatic handgun, bearing serial number: DU150488 purchased on August 8, 2015, by Kimbra Huenergardt, ██████████, Florence, Montana 59833 at Trader Brothers, 16490 Old Highway 93S, Lolo, Montana; and ATF Firearms Trace Summary identified by Trace Number:T20180429832 with a completion date of December 27, 2018, regarding the Smith & Wesson model 66, .357 caliber revolver, bearing serial number: AER8810 purchased on October 2, 2000, by Charles Lynn Beaudoin, ██████████ ██████, Portland, Oregon 97206 at The Gun Broker Inc., 14981 SE 82nd Drive, Clackamas, Oregon 97015.

14. On December 27, 2018, I conducted a telephonic interview with Charles Lynn Beaudoin at ██████████, the "first purchaser" indicated on the ATF Firearms Trace Summary identified by Trace Number: T20180429832 noted-above. Mr. Beaudoin recalled trading the Smith & Wesson model 66 back to The Gun Broker Inc., within the first year of ownership.

15. On December 27, 2018, I contacted the ATF Tracing Center to reopen Trace Number: T20180429832 in an attempt to identify the

6

subsequent purchaser of the Smith & Wesson model 66 from The Gun Broker Inc.

16.   On December 27, 2018, I performed a National Crime Information Center (NCIC) query on Randy Huenergardt; DOB: ██████████; FBI #: ██████████. The query revealed prior arrests in Oregon on January 28, 1981, for Assault, 2nd degree with a sentence of 2 years' probation on or about April 13, 1981, and Montana on January 9, 2010, for Family Member Assault, which was dismissed on January 20, 2010. The query also contained the temporary Protection Order issued in Ravalli County Montana on January 11, 2010. Also obtained was a Montana driver's license photograph of Randy Huenergardt.

17.   On December 31, 2018, I obtained the following firearm trace summary: ATF Firearms Trace Summary identified by Trace Number: T20180429783 with a completion date of December 27, 2018, regarding the Savage Arms model 93R17, .17 caliber rifle, bearing serial number: 2519932 purchased on October 13, 2015, by Louis Patrick Bibeau, Havre, MT 59501 at Bing N Bobs, 316 3rd Street, Havre, MT 59501.

18.   On December 31, 2018, I conducted a telephonic interview with Louis Patrick Bibeau at ██████████, the "first purchaser" indicated on the ATF Firearms Trace Summary identified by Trace Number: T20180429783 noted-above. Mr. Bibeau recalled winning the above-noted firearm in 2015 at a Pheasants Forever banquet in Ravalli County and selling it to Randy Huenergardt, a hunting "buddy".

19.   On January 10, 2019, I obtained the following two firearm trace summaries: ATF Firearms Trace Summary identified by Trace Number: T20180429796 with a completion date of January 3, 2019, regarding the Weatherby model SA-08, .20 gauge shotgun, bearing serial number: AE33366 purchased on March 14, 2017, by Kimbre (AKA Kimbra) Fay Huenergardt, Florence, Montana 59833 at Alderwood Estate & Loan, 111 West Alder, Missoula, Montana; and ATF Firearms Trace Summary identified by Trace Number: T20180429832 with a completion date of

January 9, 2019, regarding the Smith & Wesson model 66, .357 caliber revolver, bearing serial number: AER8810 purchased on November 10, 2000 by Thomas Daniel Holznagel, Tigard, Oregon 97224 at Keith's Sporting Goods, Inc., 95 NE Victory, Gresham, Oregon.

20.     On January 10, 2019, I conducted a telephonic interview of Thomas Daniel Holznagel at [redacted], the "purchaser" indicated on the reopened ATF Firearms Trace Summary identified by Trace Number: T20180429832 noted-above. Mr. Holznagel initially could not recall the firearm purchase, however, after reviewing his records was able to locate documentation. Mr. Holznagel forwarded photographs of an original receipt showing the purchase of the firearm from Keith's Sporting Goods along with a handwritten receipt detailing the sale of the firearm to Randy Huenergardt for $325 on March 16, 2002.

21.     On January 14, 2019, I received a telephone call from Janet Huenergardt, the ex-wife of Randy Huenergardt. Janet Huenergardt heard firearms had been seized from her ex-husband and believed a firearm or firearms seized by ATF may belong to her. Janet Huenergardt explained how Randy Huenergardt took several firearms from their residence before the divorce when she was out of town, some of which belonged to her. At the time the firearms were taken, Janet Huenergardt commented she did not "push the issue" due to just wanting the divorce, but she would like an opportunity to get her property back if possible.

22.     Janet Huenergardt described her ex-husband as having "really bad anger issues" and being on "meds". Janet Huenergardt commented she became "tired of being a punching bag when they were married" and requested a temporary protection order against Randy. Janet Huenergardt recalled Randy's comments and attitude angered the judge issuing the protection order resulting in the judge issuing a permanent protection order (no expiration date).

23.     Janet Huenergardt commented her children have been pressuring her to drop the protection order due to the order is stopping

her ex-husband from hunting. I explained how, in general, that was not entirely correct due to individuals with a protection order can continue to hunt with a bow/arrow or black powder as long as they obtain the proper hunting licenses through the state.

24.    Janet Huenergardt also commented her ex-husband sent her a letter, in violation of the protection order, requesting she drop the protection order. Janet Huenergardt was upset her ex-husband would use their children as part of his argument that the protection order keeps him from hunting with them and would preclude him from attending any future wedding(s) they may have. Janet Huenergardt stated she is not going to report the protection order violation, the letter, due to not wanting to upset their children, nor will she have the protection order removed at this time. Janet Huenergardt commented on not fearing him as bad as she did when married but still has concerns regarding his anger issues in public. Janet Huenergardt stressed the protection order allows her some protection from Randy, and if she does have to defend herself, it would help her case if Randy were in violation of the order.

25.    Janet Huenergardt stated it was unusual for her husband to violate the protection order directly and described how Randy used his new wife Kimbra to contact her boyfriend and harass her through him. The harassment would continue until Janet Huenergardt and her boyfriend threaten to report Kimbra and then it would stop.

26.    On January 14, 2019, copies of the following documents pertaining to the state search warrant executed on Randy Huenergardt's hunting lodge located at ████████████, Artesian, South Dakota 57314 were obtained: State of South Dakota vs. Randy Huenergardt Affidavit in Support of Request for Search Warrant signed on December 7, 2018, by SDGFP CO Evan Meyer; State of South Dakota vs. Randy Huenergardt Search Warrant signed on December 7, 2018, by a Magistrate Court Judge; and State of South Dakota vs. Randy Huenergardt Verified

Inventory & Return dated December 10, 2018, and the return was unsigned.

27.    On January 22, 2019, I received a telephone call from Janet Huenergardt, the ex-wife of Randy Huenergardt. Janet Huenergardt was calling due to receiving a lot of pressure from her children to modify or drop the protection order. Janet Huenergardt indicated Randy has been allegedly telling their children if she drops the protection order Randy will get his firearms back and all of Randy's potential legal issues in South Dakota will go away. She wanted to know if this was true. I explained that dropping the protection order would allow Randy Huenergardt to possess firearms legally again; however, it would not affect any potential Federal or State charges here is South Dakota. I stressed it would be up to the U.S. Attorney's Office and/or states attorney to proceed with a case against her ex-husband.

28.    Janet Huenergardt reported being told the county (Ravalli) was approached by her ex-husband to modify the protection order to allow him to possess firearms. I explained, not being a lawyer, I was unsure if the county could legally allow Randy Huenergardt to possess firearms due to it would contradict Federal law. Janet Huenergardt commented on being "scared to modify the order". Janet Huenergardt stated she is done with this whole thing due to she believes it will get "nasty" if she does not go along with modifying or dropping the protection order. Janet Huenergardt commented on being fearful she will have no way to stop her ex-husband from harassing or harming her if she removes the protection order. Janet Huenergardt stated she would be calling ADT to add security cameras due to the fear that her ex-husband will vandalize her vehicles. Janet Huenergardt reported adding/maintaining a security system from when the protection order was first put in place. Janet Huenergardt commented on Randy "breaking bones" in the past and commented there is "no shut off on his temper". Janet Huenergardt stated she is hopeful someday someone will mandate Randy to complete anger management classes.

Janet Huenergardt also commented on it not being fair she has to live in constant fear and would like to sell her house and move far away, but at this time, she is unable to due to caring for her terminally ill mother.

29.     Janet Huenergardt recalled local law enforcement would drive by her house daily when the protection order was initially placed against her husband. I informed Janet Huenergardt that the Ravalli Sherriff's Department was contacted when the firearms were seized over concerns Randy Huenergardt may be angry with Janet Huenergardt. I suggested Janet Huenergardt might want to reconnect with local law enforcement especially if she is having concerns for her safety and the safety of her mother.

30.     On January 24, 2019, I obtained the following two firearm trace summaries: ATF Firearms Trace Summary identified by Trace Number: T20180429863 with a completion date of January 22, 2019, regarding the Remington Arms model 700, 7mm caliber rifle, bearing serial number: A6734732 purchased on 11/01/1980 by Randy Huenergardt, ████████████████, Progress, OR 97005 at Northwest Outdoor Stores, Inc. 448 N. 99 W, McMinnville, OR 97128; and ATF Firearms Trace Summary identified by Trace Number: T20180429756 with a completion date of January 18, 2019, regarding the Remington Arms model 700, .243 caliber rifle, bearing serial number: G6473390 purchased on 05/18/2008 by Linda Camille Daugherty, ████████████ Lincoln, MT 59639 at Dons, 120 2nd Ave. S, Lewistown, MT 59457.

31.     On January 24, 2019, I conducted a telephonic interview of Linda Camille Daugherty at ████████████, the "first purchaser" indicated on the ATF Firearms Trace Summary identified by Trace Number: T20180429756 noted-above. Mrs. Daugherty initially could not recall the firearm, but after checking her records, she called back. Mrs. Daugherty indicated, according to her records, she sold the above-noted Remington 700 with Nikon optics to Randy Huenergardt for cash and boarding

services. Mrs. Daugherty described Randy Huenergardt as an old friend who had boarded their dog for a while.

32. On March 22, 2019, I obtained the following firearm trace summary: ATF Firearms Trace Summary identified by Trace Number: T20180429866 with a completion date of February 4, 2019, regarding the KOFS Ltd. (American Tactical Incorporated (ATI)) model Calvary "Ducks Unlimited", 12 gauge over-under double-barrel shotgun, bearing serial number: 17021139 purchased on September 18, 2017, by Kimbre (AKA Kimbra) Fay Huenergardt, Florence, Montana 59833 at Selway Armory LLC, 2825 Stockyard Road Unit E-6, Missoula, Montana 59808.

33. 18 U.S.C. § 921 defines a firearm as any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive; the frame or receiver of such weapon; any firearm muffler or firearm silencer; or any destructive device.

34. 18 U.S.C. § 922(g)(8) states that it shall be unlawful for any person who is subject to a court order that- (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate; (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

12

35.    18 U.S.C. § 922(a)(6) states that it shall be unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

36.    Based on the aforementioned facts stated herein, I believe there is evidence of violations of 18 U.S.C. §§ 922(g)(8) by Randy Huenergardt and 922(a)(6) by Kimbra Huenergardt. 18 U.S.C. § 924(d) authorizes seizure and forfeiture of a firearm for violations of 18 U.S.C. §§ 922(a)(6) and (g)(8).

37.    The above information is true and correct to the best of my knowledge, information and belief.

Special Agent Franklin H. Gonzalez, II
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to and subscribed before me this 6th day of May 2019.

Notary Public
My Commission Expires: 9-2-20

CECILE REYNOLDS
NOTARY PUBLIC
SOUTH DAKOTA (SEAL)

13